IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FREDERICK C. JOHNSTON**,<br><br>        Plaintiff,<br><br>    v.<br><br>**ADT LLC, a foreign corporation**,<br><br>        Defendant. | Case No. 3:15-cv-01396-SI<br><br>**OPINION AND ORDER** |

Glenn N. Solomon, Attorney at Law, 1001 S.W. Fifth Avenue, Suite 1220, Portland, OR 97204. Of Attorney for Plaintiff.

Sean M. Driscoll, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., 222 S.W. Columbia Street, Suite 1500, Portland, OR 97201. Of Attorney for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Frederick C. Johnston ("Johnston") brings this suit against Defendant ADT LLC ("ADT"). Before the Court is ADT's motion to dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(2), (5), and (6). For the reasons that follow, ADT's motion is granted and this case is dismissed without prejudice.

**STANDARDS**

**A.  FRCP 12(b)(2): Lack of Personal Jurisdiction**

On a motion to dismiss for lack of personal jurisdiction brought pursuant to FRCP 12(b)(2), the plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). When the court's determination is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (quotation marks and citation omitted). In resolving the motion on written materials, the court must "only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Id*. (alteration in original) (quotation marks omitted) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). A plaintiff cannot rest solely on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true. *Id*. Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.* (citing *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) and *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). Unless a federal statute governs personal jurisdiction, a district court applies the law of the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)).

**B.  FRCP 12(b)(5): Insufficient Service of Process**

Under FRCP 12(b)(5), when service of process is insufficient, the court has discretion either to dismiss the action without prejudice or to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

## BACKGROUND

ADT is a national company that provides residential and commercial security services to its clients. Johnston worked for ADT's residential sales department from February 11, 2013 until August 29, 2014. Johnston asserts that ADT failed to provide him with reasonable accommodation for his disabilities and that ADT forced him to resign.

On August 15, 2014, Johnston filed an administrative complaint with the Bureau of Labor and Industries ("BOLI") alleging employment discrimination under Oregon Revised Statutes § ("ORS") 659A.112. On December 17, 2014, BOLI found insufficient evidence to support Johnston's allegations and issued a ninety-day notice of his right to file a civil action against ADT.

On March 10, 2015, Johnston filed suit in Clackamas County Circuit Court, bringing two claims: (1) employment discrimination under ORS 659A.112; and (2) common-law wrongful discharge. On April 21, 2015, Johnston attempted service on ADT's Beaverton office. The complaint and summons listed ADT Security Services, Inc. as the Defendant.

On June 5, 2015, Johnston filed an amended complaint in the Clackamas County Circuit Court case naming ADT LLC as the defendant. The amended complaint alleges the same facts and brings the same claims as the original complaint. Johnston sent a copy of the amended complaint to ADT's counsel via first-class mail on June 5, 2015. On July 27, 2015, ADT removed the case to this Court, asserting diversity jurisdiction. Although ADT's removal was untimely, *see* 28 U.S.C. § 1446(b), Johnston did not timely move for remand. *See* 28 U.S.C. § 1447(c).

## DISCUSSION

ADT argues that this case should be dismissed in its entirety pursuant to FRCP 12(b)(2) and 12(b)(5). ADT asserts that the Court lacks personal jurisdiction over it because Johnston did

PAGE 3 – OPINION AND ORDER

not provide ADT with adequate service of process. ADT also argues that this case should be dismissed pursuant to FRCP 12(b)(6) because Johnston's ORS 659A.112 claim is barred by the applicable statute of limitations and Johnston's common law wrongful discharge claim is preempted by statute. Because the Court finds that service of process was inadequate and dismisses the action on that basis, the Court does not reach ADT's FRCP 12(b)(6) argument.

Under Oregon law, a court does not have jurisdiction over a defendant unless there is adequate service of summons. ORCP 4A; *Baker v. Foy*, 310 Or. 221, 224 (1990). On April 21, 2015, Johnston's process server went to ADT's Beaverton office and presented the summons and complaint to an employee. The employee informed the process server that she was not authorized to accept service and that no one in the office was so authorized. The employee refused to give the process server the name of the person in charge and tried to refuse service. The process server left the copies of the summons and complaint on a desk near the entryway door. Johnston argues that any defects in the manner by which summons was served do not invalidate service because ADT had actual notice of the lawsuit.

## A. Actual Notice

Johnston relies upon *Lake Oswego Review, Inc. v. Steinkamp*, 298 Or. 607 (1985), in arguing that ADT's actual notice of the lawsuit excuses any defects in the manner of service. In *Steinkamp*, the Oregon Supreme Court considered whether service of summons on an individual by certified mail, return receipt requested, was valid service under ORCP 7. *Id.* at 609. The defendant argued that service was not adequate because the plaintiff did not use one of the methods of service specifically described in Oregon Rule of Civil Procedure ("ORCP") 7 for service on individuals.[1] *Id.* at 613. The court found that the presumptively adequate methods of

---

[1] Under the current version of ORCP 7, service by mail that complies with ORCP 7D(2)(d)(i) upon an individual who is not a minor or incapacitated is presumptively

PAGE 4 – OPINION AND ORDER

service in ORCP 7D were not exclusive of the reasonable notice standard set forth in ORCP 7D(1) and held that service was reasonably calculated to apprise the defendant of the action. *Id.* at 613-14. The court quoted Fredric Merrill's *Jurisdiction Over Parties; Service of Summons (Rules 4-7)* for the following proposition: "[W]hen a defendant actually does get notice, defects in the form of summons or method of service of summons do not invalidate service. A defendant who received actual notice can hardly assert that summons was not served by a manner calculated to give notice." *Id.* at 612-13 (quotation marks omitted).

One year later, the Oregon Supreme Court clarified that actual notice does not excuse defects in the manner of service. In *Jordan v. Wiser*, 302 Or. 50 (1986), the plaintiff sued two individuals, a mother and son, in a personal injury case. *Id.* at 52. The plaintiff's attorney instructed the process server to serve the two defendants at the same address, as he had information that they were living together. *Id.* This information was incorrect. *Id.* at 53. The process server served the mother at her residence and attempted to make substituted service upon the son by leaving copies of the summons and complaint with the mother. *Id.* at 52. The mother called her son and notified him of the summons. *Id.* at 53. On her own initiative, she attempted to deliver the papers to her son, who refused to accept them. *Id.*

The Supreme Court reversed the Court of Appeals and held that no service of summons on the son had occurred. *Id.* at 55. The Court of Appeals had cited to *Steinkamp*'s sentence from Professor Merrill regarding actual notice. *Id.* at 58 n.7. The Supreme Court clarified that "[t]he use of the above-quoted sentence in *Lake Oswego Review v. Steinkamp* . . . was dictum. That

---

adequate, provided the individual signs a receipt for the mailing. ORCP 7D(3)(a)(i). At the time the *Steinkamp* court issued its opinion, "[s]ervice by mail on individual defendants [was] not presumptively adequate notice under ORCP 7." 298 Or. at 613.

case was decided upon the basis of 'adequate' notice and not 'actual' notice." *Id.* The Supreme Court quoted a more recent commentary from Professor Merrill as follows:

> It is also true that the first sentence of ORCP 7G., which requires the court to ignore defects of service when there is actual notice, does not specifically apply to 'manner' of service. This was done intentionally and is consistent with the concept that service of a summons is required. It is possible that a defendant could receive actual notice from service of a summons that did not comply with ORCP 7D.(1). If, for example, summons was served by leaving papers at an address which was not that of the defendant, but the persons receiving the summons recognized the defendant's name and sent the defendant the summons, this would hardly be a manner of service reasonably calculated to apprise the defendant of the existence and pendency of the action. Even though the defendant received actual notice of the action, he or she would not have received it by a service which complied with ORCP 7.

*Id.* at 60 (quoting Frederic R. Merrill, *Jurisdiction and Summons in Oregon* 140-41, § 2.01 (1986)).[2]

In subsequent cases, Oregon courts have held that actual notice is not sufficient to excuse defects in the manner of service. In *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332

---

[2] ORCP 7G states:

> Failure to comply with provisions of this rule relating to the form of summons, issuance of summons, or who may serve summons shall not affect the validity of service of summons or the existence of jurisdiction over the person if the court determines that the defendant received actual notice of the substance and pendency of the action.

Although ORCP 7G does not excuse defects in the manner of service, it may excuse Johnston's incorrect naming of ADT as "ADT Security Services, Inc." in the summons. In Oregon, "'[p]rocess served on a man by a wrong name is as really served on him as if it had been served upon him by his right name. In such case it seems to us that the court acquires jurisdiction over his person. . . .'" *St. Arnold v. Star Expansion Indust.*, 268 Or. 640, 642 (1974); *see also* Fredric R. Merrill, *Jurisdiction and Summons in Oregon* § 2.05 ("Under ORCP 7 G, even if a summons misnames a defendant completely, service should be valid if the person served can reasonably tell that he or she is actually the person against whom the action is directed. This is consistent with the relation back doctrine which applies when an amended complaint changes the party against whom the claim is asserted.").

PAGE 6 – OPINION AND ORDER

(2002), the plaintiff—a law firm—sued the defendant for breach of contract, seeking to recover the balance of unpaid fees. *Id.* at 334. The plaintiff sent the complaint and summons to the defendant by both first-class mail and certified mail, return receipt requested, unrestricted delivery. *Id.* at 338, 340. Because the defendant did not sign the receipt for the certified mailing, service by mail did not comply with ORCP 7D(2)(d)(i). *Id.* at 338. The court noted that the defendant had received actual notice of the lawsuit. *Id.* at 339. The court continued: "As a practical matter, that fact would seem all-important. But legally, under Oregon's sufficiency of service rules and related jurisprudence, actual notice is, essentially, irrelevant." *Id.* at 338-39. The court reasoned that, at the time the plaintiff mailed the summons and complaint, it "had 'no assurances that defendant would ever see the papers'" because the summons and complaint were sent by unrestricted delivery. *Id.* at 342 (quoting *Murphy v. Price*, 131 Or. App. 693, 697 (1994)). The court concluded that the plaintiff's attempted mail service failed to satisfy the reasonable notice standard of ORCP 7D(1). *Id.* at 344.

Johnston also cites to *Travelers Casualty and Surety Co. of America v. Brenneke*, 551 F.3d 1132 (9th Cir. 2009), in arguing that actual notice cures any defects in the manner of service. In *Travelers Casualty*, a process server went to the defendant's residence. *Id.* at 1134. The defendant responded by name, but refused to open the door to the process server. *Id.* The process server placed the documents on the doorstep as the defendant watched. *Id.* In a parenthetical, the court quoted *Steinkamp*'s statement from Professor Merrill: "'A defendant who received actual notice can hardly assert that summons was not served by a manner calculated to give notice. . . .'" *Id.* at 1136. In the next sentence, however, the court stated that "'actual notice is not enough to trigger the application of ORCP 7G. . . .'" *Id.* at 1137 (quoting *Levens v. Koser*,

PAGE 7 – OPINION AND ORDER

126 Or. App. 399, 404 (1994)). The court held that service was executed in a manner reasonably calculated to apprise the defendant of the action against him. *Id.*

Oregon courts have repeatedly stated that actual notice is, in itself, insufficient to excuse defects in the manner of service. Accordingly, Johnston cannot rely solely upon actual notice to argue that service of process was sufficient to comply with the ORCP.

## B. The *Baker v. Foy* Test

In *Baker v. Foy*, the Oregon Supreme Court established a two-step method for determining whether service of summons is adequate under the ORCP. First, the court must determine whether "the method in which service of summons was made [was] one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)." *Baker*, 310 Or. at 228. If so, then service is presumptively adequate. *Id.* at 229. If service did not comply with one of these presumptively adequate methods, then the court must determine whether service of summons complied with the reasonable notice standard set forth in ORCP 7D(1). *Id.* ORCP 7D(1) requires that a summons be served "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

### 1. Presumptively Adequate Methods

Johnston does not argue that service of summons complied with any of the presumptively adequate methods for service upon a limited liability company set forth in ORCP 7. The primary method of service upon a limited liability company is "[b]y personal service or office service upon a registered agent, manager, or (for a member-managed limited liability company) member of a limited liability company; or by personal service upon any clerk on duty in the office of a registered agent." ORCP 7D(3)(c)(i). Office service may be made by leaving copies of the

PAGE 8 – OPINION AND ORDER

summons and complaint with the person who is apparently in charge of the office. ORCP 7D(2)(c). In addition, office service is only complete after the plaintiff sends by first class mail a copy of the summons and complaint to the defendant's place of business together with a statement of the date, time, and place at which office service was made. *Id.* Neither party has presented evidence that the Beaverton office was the office of a registered agent, manager, or member of ADT. Additionally, Johnston did not mail a copy of the summons and complaint to ADT's place of business. Thus, any argument that Johnston complied with ORCP 7D(3)(c)(i) fails.

If a registered agent or manager cannot be found in the county where the action is filed, ORCP 7D(3)(c)(ii) allows as alternative manners of service: substituted service; personal service on any clerk or agent of the limited liability company who may be found in the county where the action is filed; service by mail in the manner specified by ORCP 7D(2)(d); or service upon the Secretary of State. Johnston's lawsuit was originally filed in Clackamas County Circuit Court. Johnston has not presented evidence that ADT does not have a registered agent or manager in Clackamas County. The Court notes that even if Johnston had presented such evidence, the process server attempted service at ADT's Beaverton office, which is in Washington County. Thus, Johnston did not complete service in accordance with ORCP 7D(3)(c)(ii). Because Johnston did not comply with any of the presumptively adequate methods of service, the Court moves to the second inquiry under *Baker* and considers whether service was adequate under the reasonable notice standard set forth in ORCP 7D(1).

### 2. The Reasonable Notice Standard

Johnston does not argue that service of summons complied with the reasonable notice standard of ORCP 7D(1). In determining whether the totality of the circumstances indicates that the service of summons was reasonably calculated to provide the defendant with notice of the

PAGE 9 – OPINION AND ORDER

action and a reasonable opportunity to appear and defend, a court focuses on what the plaintiff and his agent, the process server, knew at the time of the purported service. *Baker*, 310 Or. at 225 n.6.

The facts of this case are similar to those in *Stull v. Hoke*, 153 Or. App. 261 (1998), where the court held that an attempt at office service did not satisfy the reasonable notice standard of ORCP 7D(1). *Id.* at 271. In *Stull*, the court considered, in part, whether the plaintiff properly served a law firm. *Id.* at 264. The process server left the summons and complaint with a receptionist at the law firm's office. *Id.* at 265. The plaintiff did not present any evidence regarding the frequency and nature of the contact the receptionist had with the law firm's partners or the extent of the receptionist's duties. *Id.* at 271. Additionally, the receptionist did not tell the process server that she would deliver the summons and complaint to any of the defendant's partners. *Id.* Because the papers were simply left with the receptionist without any inquiry and without any follow up mailing, the court held that the service on the office receptionist was not reasonably calculated to apprise the defendant law firm about the pendency of the plaintiff's action. *Id.*

As in *Stull*, here the purported service appears to be an attempt at office service under ORCP 7D(2)(c), without the requisite mailing. After an ADT employee informed Johnston's process server that no one in the office was authorized to accept service and refused to provide the name of the person in charge, Johnston's process server placed the summons and complaint on a desk near the entryway door and left. The ADT employee did not tell the process server that she would deliver the summons and complaint to anyone in authority. Additionally, Johnston did not make any subsequent attempt to ensure that ADT received the summons and complaint, such as providing ADT with a follow-up mailing. Thus, the Court finds that Johnston's attempt at

office service was not reasonably calculated to notify ADT of the lawsuit and did not comply with ORCP 7D(1). The Court concludes that Johnston failed to effect proper service on ADT and dismisses the action without prejudice.[3]

## CONCLUSION

ADT's motion to dismiss (Dkt. 7) is GRANTED and this case is DISMISSED without prejudice.

**IT IS SO ORDERED**.

DATED this 30th day of November, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[3] The Court declines to exercise its discretion to quash service and allow Johnston to re-serve ADT for two reasons. First, service of summons would now be outside the statute of limitations applicable to Johnston's statutory claim. Under Oregon law, an action is not commenced for statute of limitations purposes until the summons is served on the defendant. ORS 12.020(1). On December 17, 2014, BOLI issued a 90-day notice of Johnston's right to file suit against ADT alleging a violation of ORS 659A.112. Thus, in order for Johnston's statutory claim to be timely, he must have commenced a civil action against ADT by March 17, 2015, and therefore adequately served ADT with a summons by that date. *See* ORS 659A.875(2) ("A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant. . . ."). Second, Johnston's common law wrongful discharge claim is preempted by statute. Courts in this district have held that ORS 659A.885 provides an adequate statutory remedy for a claim of disability discrimination such that a common law wrongful discharge claim is not available. *See, e.g.*, *Zasada v. Gap, Inc.*, 2006 WL 2382514, at *5-6 (D. Or. Aug. 10, 2006); *Laird v. Marion Cnty*, 2005 WL 1669828, at *4 (D. Or. July 14, 2005); *Galenbeck v. Newman & Newman, Inc.*, 2004 WL 1088289, at *8 (D. Or. May 14, 2004). Thus, quashing service and allowing Johnston to re-serve ADT would be futile.